**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DAVID JOHN RODIUS,<br><br>Petitioner - Appellant,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA; DWIGHT NEVEN,<br><br>Respondents - Appellees. | No. 10-16999<br><br>D.C. No. 2:07-cv-00602-KJD-LRL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 15, 2012[**]
San Francisco, California

Before: WALLACE, CALLAHAN, and BEA, Circuit Judges.

David Rodius, a Nevada state prisoner, appeals from the denial of his

petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 2253(c)(1). We review the district court's judgment de novo, and we review the last-reasoned decision of the state court applying the standard set forth in 28 U.S.C. § 2254(d). *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). By that standard, we may not grant relief "unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We affirm.

Rodius's first claim is that the Nevada Supreme Court's decision that his counsel provided effective assistance involved an unreasonable application of federal law as determined by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984), and *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Rodius alleges that his counsel failed to investigate Rodius's mental condition adequately by not obtaining jail records and by not interviewing the doctor who had treated him in Mexico after an alleged psychotic episode. He contends that if his attorneys had performed this investigation, they would have advised him to go to trial on an insanity defense rather than plead guilty. The Nevada Supreme Court concluded that (1) Rodius failed to establish that his attorneys were not effective, and (2) he

2

failed to demonstrate that, had they performed the stated investigation, they would have changed their analysis. These conclusions do not involve an unreasonable application of *Strickland* or *Hill*. The evidence before the state court did not compel a conclusion that Rodius's counsels' representation "fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688. Nor did it compel a conclusion that "discovery of the evidence would have led counsel to change [their] recommendation as to the plea." *See Hill*, 474 U.S. at 59.

Rodius next argues that his attorneys provided ineffective assistance by not advising the trial judge that he was under the influence of psychotropic medication at the time he entered his guilty plea. The Nevada Supreme Court held, however, that Rodius did not demonstrate that he would not have pleaded guilty had his counsel so advised the trial court. In coming to this conclusion, the Nevada Supreme Court directly applied *Hill*, which provides that in order to demonstrate prejudice on a claim that counsel's ineffective assistance resulted in a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59. The evidence before the state court did not require a different result.

Finally, Rodius asserts that he was incompetent to enter a guilty plea and that the trial court should have held a hearing on its own motion to determine whether he was competent. The Nevada Supreme Court denied this claim because Rodius's responses at the plea discussion with the trial judge were coherent and appropriate, and because his attorney testified that he knew Rodius was on medication but that Rodius was able to communicate and seemed to understand what was happening. The Nevada Supreme Court's decision is entirely consistent with *Dusky v. United States*, which requires that the defendant have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and have "a rational as well as factual understanding of the proceedings against him." 362 U.S. 402, 402 (1960). Furthermore, Rodius has not identified an evidentiary basis that would compel a finding that the trial court should have been in such doubt of Rodius's competence that it was required to order a competency hearing *sua sponte*. *See Drope v. Missouri*, 420 U.S. 162, 172 (1975); *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966).

**AFFIRMED.**

4